**U.S. Department of Justice**

Criminal Division

---

*Child Exploitation and Obscenity Section*

*1301 New York Avenue, NW*
*Eleventh Floor*
*Washington, D.C. 20530*

November 6, 2025

Office of the Clerk
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street
Room 2722
Chicago, IL 60604

      Re:     Rule 28(j) Letter
              *United States v. Steven Anderegg*, No. 25-1354
              Argued on October 30, 2025 (Lee, Pryor, Kolar, JJ.)

Dear Clerk,

On November 3, 2025, a district judge in the District of Idaho denied a defendant's motion, based on *Stanley v. Georgia*, 394 U.S. 557 (1969), to dismiss a possession count under 18 U.S.C. § 1466A(b)(1). *United States v. Yeasley*, 2025 WL 3063712 (D. Idaho). In so holding, the court noted that in *United States v. Williams*, 553 U.S. 285 (2008), the Supreme Court explained that "*Stanley*'s holding was limited to 'the mere possession of obscene material involving adults.'" *Yeasley*, 2025 WL 3063712, at *4 (quoting *Williams*, 553 U.S. at 288-289). The court also held that *Stanley* is inapplicable in light of Section 1466A(d)(4)'s commerce element. *Id.* at *3. And the court explained that *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002), did not help the defendant because Section 1466A(b)(1)—unlike the statute at issue in *Free Speech Coalition*—requires proof that the material is obscene, and therefore constitutionally unprotected. *Id.* at *4. In denying the motion to dismiss, the court explicitly disagreed with the court's dismissal of the possession count in Anderegg's case. *Id.* at *3.

In each respect, the district court's decision in *Yeasley* is consistent with our arguments to this Court urging reversal of the district court's decision in this case. In particular, the *Yeasley* court's decision supports our argument (Op. Br. 14-22, 26-33; Reply Br. 12-20) that *Stanley* is limited to adult obscenity. The *Yeasley* court's decision is also consistent with our argument (Op. Br. 23-26, 33-34; Reply Br. 20-22) that *Stanley* does not apply where the government is required to prove commerce-connected engagement with obscene material, whether that commerce element is tied to the movement-of-obscene-material-in-commerce language in Section 1466A(d)(4)

(as in *Handley* and *Taylor*) or the produced-using-materials language in Section 1466A(d)(4) (as in *Mees*). And the *Yeasley* court's decision is consistent with our argument (Op. Br. 31-33; Reply Br. 13-14) that *Free Speech Coalition* is no bar to the Section 1466A(b)(1) count in this case.

We would be grateful if you could please circulate this letter to the panel in this case.

Sincerely,

s/ Ross B. Goldman
Criminal Division
Child Exploitation & Obscenity Section
1301 New York Ave. NW, 11th Floor
Washington, DC 20530
(202) 532-4153
Ross.Goldman@usdoj.gov
*Counsel for the United States*

## CERTIFICATE OF COMPLIANCE

This letter complies with Federal Rule of Appellate Procedure 28(j) because it contains 337 words.

s/ Ross B. Goldman