HURLEY BURISH, S.C.
ATTORNEYS

33 EAST MAIN STREET, SUITE 400

Mailing Address:
POST OFFICE BOX 1528
MADISON, WI 53701-1528

| | | |
|---|---|---|
| Delaney B. Agnew | Peyton B. Engel | Tel. (608) 257-0945 |
| Jonas B. Bednarek | Andrew W. Erlandson | Fax. (608) 257-5764 |
| Cricket R. Beeson | Stephen P. Hurley | www.hurleyburish.com |
| Marcus J. Berghahn | Jennifer E. Recktenwald | Author's e-mail: |
| Joseph A. Bugni | David E. Saperstein | jbugni@hurleyburish.com |
| Mark D. Burish | Daniel J. Schlichting | |
| Skylar R. Croy | Catherine E. White | |

November 11, 2025

Office of the Clerk
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street
Room 2722
Chicago, IL 60604

> Re:    Rule 28(j) Letter
> *United States v. Steven Anderegg. No. 25-1354*
> Argued on October 30, 2025 (Lee, Pryor, Kolar, JJ.)

Dear Mr. Conway:

I am writing in response to the Appellant's November 6 letter, citing the Idaho district court's decision in *Yeasley* as supplemental authority.[1] There is one line of argument in *Yeasley* that needs to be properly framed—namely, a single cite in *Williams* as providing a limitation on *Stanley*.

In *Williams*, the Supreme Court addressed statutes that related to solicitation of child pornography—images related to real children.[2] The opinion has a *brief* overview of caselaw on obscenity before noting that non-obscene material, if it's child pornography involving *real* children, can be suppressed.[3] Then there's the single citation to *Stanley* in the whole opinion, with this line:

---

[1] 2025 WL 3063712 (D. Idaho).

[2] *United States v. Williams*, 553 U.S. 285, 288 (2008).

[3] *Id.*

HURLEY BURISH, S.C.

Mr. Conway
November 11, 2025
Page 2

> Moreover, we have held that the government may criminalize the possession of child pornography, even though it may not criminalize the mere possession of obscene material involving adults. Compare *Osborne, supra,* with *Stanley v. Georgia.*[4]

Everything past that line is an explanation of the challenged statute, with the Court distinguishing it from the conduct in *Free Speech Coalition*: "A crime is committed only when the speaker believes or intends the listener to believe that the subject of the proposed transaction depicts *real* children."[5]

It's difficult to conceive of that single citation to *Stanley* as providing a limitation on its protections. And even if this Court presumes that's what the Court in *Williams* intended, the Supreme Court has explicitly provided what this Court must do: "If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions."[6] The Court in *Yeasley* did not grapple with that or even engage with that principle. Rather, it read too broadly the simple overview of case law in *Wiliams.*[7]

Sincerely,

HURLEY BURISH, S.C.

*Electronically signed by Joseph A. Bugni*

Joseph A. Bugni

---

[4] *Id.* at 288-89 (citation omitted).
[5] *Id.* at 303.
[6] *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484 (1989).
[7] Yeasley, 2025 WL 3063712, at *4.