HURLEY BURISH, S.C.
ATTORNEYS

33 EAST MAIN STREET, SUITE 400

Mailing Address:
POST OFFICE BOX 1528
MADISON, WI 53701-1528

| | | |
|---|---|---|
| Delaney B. Agnew | Peyton B. Engel | Tel. (608) 257-0945 |
| Jonas B. Bednarek | Andrew W. Erlandson | Fax. (608) 257-5764 |
| Cricket R. Beeson | Stephen P. Hurley | www.hurleyburish.com |
| Marcus J. Berghahn | Jennifer E. Recktenwald | Author's e-mail: |
| Joseph A. Bugni | David E. Saperstein | jbugni@hurleyburish.com |
| Mark D. Burish | Daniel J. Schlichting | |
| Skylar R. Croy | Catherine E. White | |

January 12, 2026

Office of the Clerk
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street
Room 2722
Chicago, IL 60604

> Re: Response to the Appellant's January 9, 2026, supplemental authority
> *United States v. Steven Anderegg. No. 25-1354*

Dear Mr. Conway:

I'm writing in response to the Appellant's January 9 letter, citing the Southern District of Ohio's decision in *Prater* as supplemental authority. That court concluded that *Stanley* doesn't apply anytime the United States alleges a "nexus to interstate commerce."[1] This reasoning is mistaken.

First, the *Prater* court misapplied several cases. To give just one example, it characterized *Ostrander* as "rejecting [a] *Stanley* challenge to Section 1466A(b)(1) because it requires proof that the obscene material moved in interstate commerce."[2] But here's what *Ostrander* actually says: "The First Amendment does not protect the distribution or transportation of obscene material, *but the mere possession of obscene material in a private home cannot be criminalized*."[3] It's one thing to criminalize acts that, by definition, aren't private or that take place outside the home. A person can't privately "distribute." That's a two-person act. And a person can't "transport" inside their home. Possession, in contrast, can take place in a private setting, such as a home. While Anderegg doesn't

---

[1] Slip op., at 15–16.

[2] *Id.* at 16 (citing *United States v. Ostrander*, 114 F.4th 1348, 1361 (11th Cir. 2024)).

[3] *Ostrander*, 114 F.4th at 1361 (emphasis added).

HURLEY BURISH, S.C.

Mr. Conway
January 12, 2026
Page 2

concede that distribution and transportation lack constitutional protection, all this Court is dealing with is possession, and as *Ostrander* recognizes, that's a different issue.

Second, the *Prater* court didn't address the arguments Anderegg has already advanced. To quote the response brief: "if a person has a First Amendment right to protest or speak on a street corner that no state can abridge, it couldn't suddenly be okay for a federal prosecution if the sign the protestor waved … was made in a different state."[4] The Commerce Clause can't undermine a constitutional right. Any case potentially suggesting otherwise (e.g., *Ostrander*) is better understood as saying that acts outside the home (e.g., transportation) don't fall under *Stanley*.

Sincerely,

HURLEY BURISH, S.C.

*Electronically signed by Joseph A. Bugni*

Joseph A. Bugni

---

[4] Doc. 17, at 48.