**U.S. Department of Justice**

Criminal Division

---

*Child Exploitation and Obscenity Section*

*1301 New York Avenue, NW*
*Eleventh Floor*
*Washington, D.C. 20530*

March 26, 2026

Office of the Clerk
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street
Room 2722
Chicago, IL 60604

      Re:    Rule 28(j) Letter
               *United States v. Steven Anderegg*, No. 25-1354
               Argued on October 30, 2025 (Lee, Pryor, Kolar, JJ.)

Dear Clerk,

On March 20, 2026, the Supreme Court held in *Olivier v. City of Brandon, Mississippi*, --- S. Ct. ----, 2026 WL 783725 (2026), that the Court's prior decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), did not bar the petitioner's suit under 42 U.S.C. § 1983 for prospective relief, even though some broad language from *Heck* could have been understood otherwise. In so holding, the Court quoted *Turkiye Halk Bankasi*, 598 U.S. 264, 278 (2023), and *Illinois v. Lidster*, 540 U.S. 419, 424 (2004), and reiterated that "general language in judicial opinions should be read as referring in context to circumstances similar to the circumstances then before the Court and not referring to quite different circumstances that the Court was not then considering." *Olivier*, 2026 WL 783725, at *7. The Court further concluded that *Heck* "did not consider" a suit for prospective relief and that "the *Heck* language was not meant to address it." *Ibid.*

In this way, *Olivier* is fully consistent with the government's argument, including our citations to *Turkiye Halk Bankasi* and *Lidster*, that the district court here misread *Stanley v. Georgia*, 394 U.S. 557 (1969). *See* Op. Br. 27-29; Reply Br. 3-12.

We would be grateful if you could please circulate this letter to the panel in this case.

Sincerely,

s/ Ross B. Goldman
Criminal Division
Child Exploitation & Obscenity Section
1301 New York Ave. NW, 11th Floor
Washington, DC 20530
(202) 532-4153
Ross.Goldman@usdoj.gov
*Counsel for the United States*

## CERTIFICATE OF COMPLIANCE

This letter complies with Federal Rule of Appellate Procedure 28(j) because it contains 214 words.

<u>s/ Ross B. Goldman</u>