HURLEY BURISH, S.C.                                      33 EAST MAIN STREET, SUITE 400
A T T O R N E Y S                                                          Mailing Address:
                                                                   POST OFFICE BOX 1528
                                                                   MADISON, WI 53701-1528

Delaney B. Agnew          Peyton B. Engel                        Tel. (608) 257-0945
Jonas B. Bednarek         Andrew W. Erlandson                    Fax. (608) 257-5764
Cricket R. Beeson         Hal A. Harlowe                         www.hurleyburish.com
Marcus J. Berghahn        Stephen P. Hurley                          Author's e-mail:
Joseph A. Bugni           Jennifer E. Recktenwald          jbugni@hurleyburish.com
Mark D. Burish            David E. Saperstein
Skylar R. Croy            Catherine E. White


                                March 31, 2026


Office of the Clerk
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street
Room 2722
Chicago, IL 60604


        Re:    Response to Appellant's March 26, 2026, supplemental authority
               *United States v. Steven Anderegg. No. 25-1354*
               Argued on October 30, 2025 (Lee, Pryor, Kolar, JJ.)

Dear Mr. Conway:

        I'm writing in response to Appellant's March 26, 2026, letter, citing the Supreme
Court's decision in *Olivier* as supplemental authority.[1] There, the Court concluded that a
plaintiff could pursue a § 1983 claim for prospective relief even though he'd been
previously convicted of violating the challenged state law. In Appellant's view, the case
supports its argument that *Stanley*'s safeguards don't apply to all obscene materials—just
those that depict adults.[2] For the reasons explained below, Appellant is mistaken.

        As a preliminary matter, there's some irony to Appellant's supplemental authority
letter. *Olivier* isn't a criminal case. It has nothing to do with obscenity. It isn't even about
child pornography. It's a case about an arcane area of law: a potential procedural bar to
a § 1983 claim. Yet despite its factual and legal differences, Appellant relies on its "general
language" to craft an argument about a "quite different circumstance"—the very thing
that Appellant says not to do.

---

[1] *Olivier v. City of Brandon*, 2026 WL 783725 (U.S. 2026).
[2] *See Stanley v. Georgia*, 394 U.S. 557, 559 (1969).

HURLEY BURISH, S.C.

Mr. Conway
March 31, 2026
Page 2

More importantly, *Stanley* contains a clear statement: "[W]e agree that the mere private possession of obscene matter cannot constitutionally be made a crime."[3] The Supreme Court never even mentioned that it was dealing with an obscene depiction of "adults," let alone suggested its holding was so limited. As the Court said in *Thurston*, a circuit court errs when it "confuse[s] the factual contours" of a precedent with its "unmistakable holding."[4] A lower court can't "cabin a clear statement from the Supreme Court" by artificially confining precedent to its facts—especially facts not even mentioned in the precedent.[5]

The bottom line: Supreme Court precedent may be modified and even overturned—but those decisions happen in Washington, D.C., not Chicago.

Sincerely,

HURLEY BURISH, S.C.

*Electronically signed by Joseph A. Bugni*

Joseph A. Bugni

---

[3] *Id.*

[4] *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983) (per curiam).

[5] *See Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, 809 F.3d 1282, 1288 (Fed. Cir. 2015) (Dyk, J., concurring in the denial of the petition for rehearing en banc); *see also File v. Martin*, 33 F.4th 385, 392 (7th Cir. 2022).