No. 25-1354

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

v.

STEVEN ANDEREGG,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of Wisconsin,
Case No. 24-cr-50
The Honorable James D. Peterson, presiding

**UNOPPOSED MOTION AND AFFIDAVIT FOR EXTENSION**

Joseph A. Bugni
HURLEY BURISH, S.C.
33 E. Main Street, Suite 400
Madison, WI 53703
(608) 257-0945
jbugni@hurleyburish.com
*Counsel for Steven Anderegg*

**MOTION AND AFFIDAVIT FOR EXTENSION**

Steven Anderegg, by counsel, moves for a one-month extension to file his response to the government's petition for rehearing en banc or panel rehearing. The response is currently due on October 23, 2026, and Anderegg respectfully requests a new deadline of November 23, 2026.[1] The Court has called for a response, and it should get a considered one. I have consulted with government counsel, Ross B. Goldman, and this motion is unopposed. In support, I represent the following:

1. This case presents a question of first impression in this Court and, to my knowledge, any other. The panel framed it this way: "The question before us is narrow: does the First Amendment allow the government to proscribe the in-home possession of obscene virtual CSAM."[2] The district court held that it does not, and so did a unanimous panel of this Court, concluding that *Stanley v. Georgia* and *Ashcroft v. Free Speech Coalition* "control Anderegg's as-applied challenge to § 1466A(b)(1)."[3] The government has now petitioned for rehearing en banc or panel rehearing. And this Court has ordered a response.

2. The panel decided this appeal on August 25, 2026, and the government filed its petition more than six weeks later, on October 8.[4] Rule 40 permits no response to a petition for rehearing unless the Court requests one, and the Court ordinarily will not

[1] Fed. R. App. P. 26(b); 7th Cir. R. 26.

[2] *United States v. Anderegg*, No. 25-1354, slip op. at 17 (7th Cir. Aug. 25, 2026).

[3] *Id.* at 3; *Stanley v. Georgia*, 394 U.S. 557 (1969); *Ashcroft v. Free Speech Coal.*, 535 U.S. 234 (2002).

[4] Dkt. 57 (opinion); Dkt. 62 (petition).

grant a petition without that request.[5] Because Rule 40 also bars oral argument on whether to grant a petition, this response is Anderegg's only chance to address the full Court before it decides whether to rehear the case.[6]

3. Two reasons compel an extension. First, I have been sick for the past two weeks and limited in the work I can get done. Second, I have been consumed by one large case that is under seal, several State post-conviction cases involving first degree murder convictions, and two briefs in this Court: *United States v. Berger*, No. 26-2447, and *United States v. Cupino*, No. 26–2454. Because I have represented Anderegg throughout this case, including in the district court, handing the response to another lawyer now would cost time rather than save it.

4. Anderegg is not in custody. He is on pretrial release, subject to conditions the district court set and has been since the summer of 2024.

5. The government's petition asks this Court to revisit the panel's constitutional ruling, and that request demands a studied response. Given the limits on my time and the illness I have been battling, I cannot deliver that response by October 23. I ask for an extension until November 23, 2026, so that the Court receives a response worthy of the issue. This is Anderegg's first motion to extend this deadline. I do not expect to ask for any additional extensions, and this request is again unopposed.

---

[5] Fed. R. App. P. 40(d)(4).

[6] Fed. R. App. P. 40(d)(5).

I declare under penalty of perjury that the factual statements in this motion and affidavit are true and correct.[7]

Dated this 16th day of October, 2026, in Madison, Wisconsin.

Respectfully submitted,

STEVEN ANDEREGG, *Defendant-Appellee*

*/s/ Joseph A. Bugni*
Joseph A. Bugni
*Wisconsin Bar No.* 1062514
jbugni@hurleyburish.com
HURLEY BURISH, S.C.
P.O. Box 1528
Madison, WI 53701-1528
(608) 257-0945

Sworn to and subscribed before me
this 16 day of October, 2026.

Notary Public
State of Wisconsin
My Commission expires 12/17/2029

SOPHIA SHASHKO
NOTARY
PUBLIC
STATE OF WISCONSIN

[7] 28 U.S.C. § 1746(2).

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limit for motions because, excluding the parts of the document exempted by the rules, it contains [564] words.[8] It also complies with the typeface and type-style requirements because it was prepared in a proportionally spaced typeface, 12-point Book Antiqua with 11-point footnotes, using Microsoft Word.[9]

*/s/ Joseph A. Bugni*
Joseph A. Bugni

[8] Fed. R. App. P. 27(d)(2)(A), 32(f), 32(g)(1).

[9] Fed. R. App. P. 27(d)(1)(E), 32(a)(5)–(6); 7th Cir. R. 32(b).